**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES OF AMERICA,**

    v.                                                           Criminal No. 4:19-cr-77

**DARRELL KING, II,**

        **Defendant.**

*MEMORANDUM OPINION & ORDER*

Before the Court is Darrell King's ("Defendant") Motion to Revoke Order of Detention Pending Trial, pursuant to 18 U.S.C. § 3145(b). ECF No. 21. For the reasons stated below, Defendant's Motion is **DENIED**.

**I.     BACKGROUND & PROCEDURAL HISTORY**

On August 12, 2019, Defendant was named in a nine-count criminal indictment charging Defendant with drug conspiracy, in violation of 21 U.S.C. § 846, and eight counts of distribution and possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), (B). ECF No. 3. On February 12, 2020, Defendant was named in a nineteen-count Superseding Indictment which in addition to the previous charges, included conspiracy to obstruct the administration of justice and obstruction of justice, in violation of 18 U.S.C. §§1503(a) and 371, four counts of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) and money laundering, in violation of 18 U.S.C. § 1956 (a)(1)(A)(i). ECF No. 9. The Superseding Indictment also includes a criminal forfeiture allegation. *Id.*

According to the Indictment, Defendant was engaged in a drug conspiracy to sell heroin, cocaine, and marijuana in Newport News, Hampton, and other areas within the Eastern District of

1

Virginia from September 2012 until June 2017. *Id.* The conspiracy involved the distribution of significant drug weights – 250 kilograms or more of cocaine, 75 pounds of marijuana, and nearly .5 kilograms of heroin. ECF No. 18; Hr'g Tr. 2:20–3:5. The Indictment alleges that Defendant accumulated $4,177,150.000 in proceeds from the conspiracy. ECF No. 9.

Defendant was arrested on March 10, 2020 in York County, Virginia. The following day, Defendant had his initial appearance. *See* ECF No. 14. On March 16, 2020, Defendant appeared before Magistrate Judge Krask for a detention hearing. ECF No. 19. During the detention hearing, the United Sates proffered that in late 2018, Defendant met with a confidential source at his place of employment to discuss purchasing 100 pounds of marihuana for him to distribute. Hearing Transcript ("Hr'g Tr.") 12:12-24. The United States also proffered that Defendant was in contact with known drug distributors as early as March 2020. Hr'g Tr. 14:1-8; 24:6-14. At the hearing, Defendant stated that he was in good health, and noted that he has high blood pressure and suffers from migraines. Hr'g Tr. 18:22 – 19:1-5.

Following the detention hearing, the magistrate judge ordered Defendant detained pending trial. ECF No. 18. The magistrate judge entered detailed factual findings on the record and cited the following reasons for his decision: the seriousness of the alleged crime, the substantial weight of the evidence against the Defendant, and the Defendant's prior weapons offense and conviction for obstructing justice. *Id.* The magistrate judge expressed a concern that given Defendant's efforts to obstruct justice and attempt to engage in another drug transaction in late 2018, the Defendant would not abide by any conditions of release, and therefore, posed a danger to the community. *Id.*

On March 31, 2020, Defendant filed a motion to revoke the detention order and a supporting memorandum. ECF No. 21–22. A transcript of the detention hearing proceeding was filed on April 2, 2020. ECF No. 23. The Government opposed Defendant's motion on April 10,

2020. ECF No. 25. Defendant did not file a reply, and indicated that he is not requesting a hearing. *See* ECF No. 22 at 8.

## II.    LEGAL STANDARD

A defendant ordered detained by a magistrate judge may appeal the order for review by the district court. 18 U.S.C.A. § 3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir.1985). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted); *see also United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). (citations omitted). In making that independent determination, "the district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel." *United States v. Burgess*, No. 2:17-CR-153, 2017 WL 6542939, at *1 (E.D. VA. Dec. 19, 2017) (citing *United States v. Boyd*, 484 F. Supp. 2d 486, 487 (E.D. VA. 2007)).

## III.    DISCUSSION

The Bail Reform Act of 1984 provides that a defendant shall be detained pending trial if a Court finds, by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In cases where a Court finds that there is probable cause to believe that the person committed an offense under the Controlled Substances Act in which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Section 3142(e)(3)(A); *see also* 18

U.S.C. § 3142(f)(1). The defendant must therefore rebut this presumption with evidence that the presumption is unwarranted. *Boyd*, 484 F. Supp. 2d. at 486. If the defendant rebuts this presumption with evidence, the burden shifts back to the government to either prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at trial; or prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)-(f).

In determining whether a defendant should be detained pending trial, courts consider the following factors: (1) the nature and circumstance of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release. 18 U.S.C. 3142(g). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient, both are not required." *Stewart*, 19 F. App'x at 48 (citation omitted).

Here, Defendant is indicted for several drug-related offense, including a drug conspiracy in violation of 21 U.S.C. § 846. Based on the amount of drugs trafficked throughout the conspiracy, if convicted, Defendant faces a mandatory minimum of ten years up to life imprison. Therefore, a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the Defendant's appearance and the safety of the community. Section 3142(e)(3)(A); *see also* 18 U.S.C. § 3142(f)(1).

Defendant argues that his lack of criminal record and history of violence, strong family and community ties, solid employment, and the bond report from United States Probation

4

recommending release, is not only enough to rebut the presumption that he is a flight risk or a danger to the community but also weighs in favor of his release. ECF No. 22 at 6–7. Defendant also argues that given his age and medical condition, the current national emergency weigh in favor of his release. *Id.* at 4–5.  The United States argues that Defendant has failed to rebut the presumption that he is a flight risk or a danger to the community. ECF No. 25.

First, the Court agrees with the magistrate judge that the Defendant rebutted the presumption that he is a flight risk, and that the Government has not proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial. Defendant has close ties to the community – he has lived and worked in the Newport News area for over twenty years, and his children reside in the area. ECF No. 22 at 3. The United States argues that Defendant is a flight risk because he has parents who live in Wilmington, North Carolina, has contacts in other states, and was found guilty in absentia for traffic violations that occurred in 1999-2001. ECF No. 25 at 10; *see also* ECF No. 22 at 3. However, the Court can impose certain conditions, such as electronic monitoring, or a combination of conditions, that can ensure Defendant's appearance at trial.  The United States has not proved by a preponderance of the evidence that no condition or combination of conditions, such as electronic monitoring, would reasonably assure the Defendant's appearance at trial.

Though Defendant might not be a flight risk, the Court agrees with the magistrate judge that Defendant poses a danger to the community, and the Court finds that Defendant has not rebutted this presumption. Defendant was involved in a five-year conspiracy that started in 2012 and continued until 2017 – a conspiracy that involved over four million dollars and took place throughout many cities in the Eastern District of Virginia. Hr'g Tr. 2:20–3:5; ECF No. 9. Defendant is attributed with more than 250 kilograms of cocaine, approximately 75 pounds of

marijuana, and almost half a kilogram of heroin. Hr'g Tr. 2:20–3:5. Defendant also faces charges for attempted obstruction and obstruction of justice. Hr'g Tr. 21:8-17. Defendant was previously convicted for obstructing justice. ECF No. 22 at 3.

Defendant contends that because the alleged conspiracy and obstruction charges ended in 2017, and that he has not posed a danger to the community since he was arrested in 2020, this rebuts the presumption that he is a danger to the community. Yet, the United States proffered that in 2018, the Defendant attempted to make a narcotic purchase with the intent to distribute and that as late as March 2020, Defendant has had contact with known drug distributors. *See* ECF No. 25 at 8; Hr'g Tr. 13:25–14:1-8. The Court is not persuaded that Defendant's work as a general manager which brings him in contact with the public, is the reason why a known drug dealer was calling his phone at the time of his arrest, especially where Defendant has used his place of employment throughout the conspiracy. *See* Hr'g Tr. 24:21– 25:4; 27:17–28:10. The weight of the evidence against Defendant is strong – including cooperating co-defendants previously charged and confidential informants. Hr'g Tr. 4:15–12:24.

Defendant contends that because his offenses are nonviolent, this rebuts the presumption that he poses a danger to community. However, there is a presumption of dangerousness in Defendant's case because of the number of drugs allegedly involved in the conspiracy. Because this is a presumption case, the fact that Defendant is charged with nonviolent offenses is not enough, standing alone, to rebut that he is a danger to society. But even if Defendant did rebut the presumption of dangerousness in his case, the Court finds that there is clear and convincing evidence that no condition or combination of conditions will ensure that Defendant will not pose a danger to society either by continuing to obstruct justice, make attempted drug sales, or by associating with other known drug distributors.

Finally, the Court considers the unprecedented impact of COVID-19. While Defendant is a 43-year-old who is diagnosed with hypertension and suffers from migraines, this is insufficient to justify his release pending detention, especially where the Court finds that Defendant poses a risk to society. Furthermore, the United States proffered that the facility where Defendant is housed are taking precautionary steps to protect inmates from the coronavirus.

Thus, given the lack of reasonable assurance that Defendant does not pose a danger to the community, the Court agrees with the magistrate judge that Defendant should be detained pending trial.

### IV. CONCLUSION

For the reasons stated on the record and discussed above, Defendant's Motion to Revoke Order of Detention Pending Trial is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and the United States Attorney.

**IT IS SO ORDERED**.

Newport News, Virginia
April 20, 2020

_____
United States District Judge