

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DARRELL KING,

        Petitioner,

v.                                                Criminal No. 4:19-cr-77

UNITED STATES OF AMERICA,

        Respondent.

*MEMORANDUM OPINION & ORDER*

Before the Court is Darrell King's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Pet'r's Mot. for Comp. Release ("Pet'r's Mot."), ECF No. 109. The Government opposed the motion. Gov't's Resp. in Opp. to Comp. Release Mot. ("Resp. Opp."), ECF No. 111. Petitioner did not reply. For the reasons below, Petitioner's Motion for Compassionate Release is **DENIED**.

        **I.**        **FACTUAL AND PROCEDURAL HISTORY**

On February 12, 2020, Petitioner was named in a Nineteen Count Superseding Indictment charging him with various crimes related to the distribution of cocaine and heroin from 2012 to 2016 and obstruction of justice. Indict., ECF No. 9. On April 27, 2021, Petitioner pled guilty to Count One, Conspiracy to Distribute and Possession with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and Count Nine, Possession with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Plea Agreement Hearing, ECF No. 74; Plea Agreement, ECF No. 76. On September 30, 2021, the Court sentenced Petitioner to 180 months followed by five (5) years supervised release on both counts to run concurrently. J. of Pet'r, ECF No. 93.

On September 19, 2022, Petitioner filed his *pro se* motion for compassionate release. Comp. Release Mot., ("Comp. Release Mot."), ECF No. 96. On January 6, 2023, Petitioner filed the instant

motion through counsel. Pet'r's Mot., ECF No. 109.

Petitioner alleges that a reduction in sentence is appropriate for the following reasons. At age 45, Petitioner alleges that his hypertension, diabetes, and obesity make him especially susceptible to COVID-19. Pet'r's Mot. Further, he alleges that the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. *Id.* Together, Petitioner alleges these circumstances constitute extraordinary and compelling reasons that warrant his release. *Id.* Accordingly, Petitioner requests that the Court grant compassionate release or home confinement for the maximum period permissible, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *Id.* at 17.

## II. LEGAL STANDARD

A.   **The Threshold Requirement**

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes—one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding that petitioner satisfied the threshold requirement by filing his

compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, which may be waived or forfeited if not timely raised. *Id.* at 129–30 (collecting cases from sister circuits holding the same).

**B.     The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n.1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020

WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). *McCoy*, 981 F.3d at 288 (holding that district courts have broad discretion in deciding whether extraordinary and compelling circumstances exist for compassionate release).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. On June 22, 2022, Petitioner submitted his request for compassionate release to the Warden at FCI Fort Dix. Pet'r's Mot., at Exh. A. The Warden did not respond. *Id.* at 7. On January 6, 2023, Petitioner filed a compassionate release motion through counsel. *Id.* Thus, more than 30 days passed since Petitioner filed his request.

#### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth an extraordinary and compelling reason to reduce his sentence. Petitioner alleges that compassionate release is appropriate because his hypertension, diabetes, and obesity make him especially susceptible to COVID-19. Pet'r's Mot. Further, he alleges that the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. *Id.* The Government argues that Petitioner failed to show a particularized risk of contracting

4

COVID-19 and the statutory sentencing factors do not support release. Resp. Opp. In considering the factors above, in addition to the 18 U.S.C. § 3553(a) factors, Petitioner is not entitled to a reduction in sentence.

### 1. *Case-Specific Factors and the COVID-19 Pandemic*

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *See generally, Zukerman*, 2020 WL 1659880, at *4 (*citing Perez*, 2020 WL 1546422, at *4); *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the above cases, Petitioner's compassionate release is not justified under the circumstances.

First, Petitioner does not show a potential susceptibility to serious health risks from COVID-19. At 46-years old, Petitioner argues that his obesity, hypertension, and diabetes place him at increased risk of serious illness should he contract COVID-19. Pet'r's Mot. 9.[1] According to the Petitioner, he is taking medication for his hypertension. *Id.* Additionally, Petitioner has a Body Mass Index ("BMI") of 33 kg/m, which is over the threshold to be considered obese. *Id.* According to the CDC, individuals with obesity (BMI ≥30 kg/m but < 40 kg/m) are more likely to suffer severe illness from COVID-19.

---

[1] Neither Petitioner nor the Government provide the Court with medical records to support their arguments. *See* Pet'r's Mot.; Resp. Opp.

5

[2] The CDC also recognizes that individuals with hypertension might be at an increased risk for severe illness from COVID-19.[3] In addition to preventative measures against COVID-19, the CDC also recommends that individuals with underlying medical conditions follow their treatment plans to keep their medical conditions under control and thereby lower their already-increased risk of infection.[4] Petitioner has not alleged any facts to show that his underlying health conditions are poorly managed. Pet'r's Mot. Further, the Government alleges without rebuttal that Petitioner has been fully vaccinated, his medical records do not support a diagnosis of diabetes, and Petitioner recovered from COVID-19 in around June 2020. Resp. Opp. at 7, 9, 13. This Court finds that Petitioner has not made a showing that his obesity, hypertension, and diabetes are poorly managed.

Second, however, Petitioner does show a potential risk of contracting the disease at his prison facility. That is, even though Petitioner if fully vaccinated, there still exists a possibility that he *could* contract COVID-19. As of March 2023, the BOP has reported a total of 1288 recovered positive cases of COVID-19 for incarcerated people (2 deaths), 134 recovered cases for staff, and no pending tests at FCI Fort Dix.[5] Despite the BOP's protection measures, individuals housed in prisons remain particularly vulnerable to infection. *See Muniz*, 2020 WL 1540325, at *1; *see also Esparza*, 2020 WL1696084, at *1 (noting that "[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others"). Therefore, the Court need not wait until an outbreak occurs at a specific prison facility to determine that a petitioner has a particularized risk of contracting the disease. *See Zukerman*, 2020 WL 1659880, at *6

---

[2] *See* Centers for Disease Control and Prevention, "COVID-19: People with Certain Medical Conditions," *CDC.gov*, (last updated Feb. 10, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. (last visited March 1, 2023).
[3] *Id.*
[4] *Id.*
[5] *See* Federal Bureau of Prisons, "COVID-19 Corona Virus," *BOP.gov*, https://www.bop.gov/coronavirus/ (last visited March 1, 2023).

6

*citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic"). Further, courts have recognized that as prison conditions get harsher, sentences should get shorter. *See United States v. Spano*, 476 F.3d 476, 479 (7th Cir. 2007) (finding merit to the argument that "the harsher the conditions, the shorter the sentence should be.").

### 2.     *18 U.S.C. § 3553(a) Factors*

Overall, the § 3553(a) factors do not weigh in favor of a reduction in Petitioner's sentence. The seriousness of Petitioner's conduct for his underlying offense remains unchanged. Between June and October 2016 Petitioner entered a conspiracy with at least one other person to distribute and possess with intent to distribute cocaine. Present. Investig. Rep. ¶ 17, ECF No. 80 ("PSR"). To date, Petitioner has served approximately less than one third of his 180-month sentence. Accordingly, early release would not provide adequate deterrence or punishment for his offense. *See United States v. Hill*, No. 3:14cr114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (denying compassionate release where the defendant had "served only 40% of his 188-month sentence, which may not afford adequate deterrence to his criminal conduct").

The Court also considers Petitioner's post-sentencing conduct and any rehabilitative efforts he has made. *See Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) ("The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes."); *Pepper v. United States*, 562 U.S. 476, 491 (2011). Petitioner does not address any rehabilitative efforts made while incarcerated. Pet'r's Mot. Petitioner does point to his release plan, which includes residing with his family in Virginia, arranged employment with a local trucking company, pursuit of a degree in computer technology, and individual counseling. *Id.* at 16. Petitioner's release plan does not adequately protect the public from the potential of a subsequent offense. With this plan, Petitioner does not explain

or elaborate on how his release would provide a viable alternative to serving the remainder of his sentence.

Overall, the Court finds that the § 3553(a) factors do not weigh in Petitioner's favor and a reduction in sentence would undercut respect for the law. Critically, Petitioner did not show extraordinary or compelling reasons for release as a result of COVID-19. Therefore, Petitioner does not qualify for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 109, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
April 3, 2023

Raymond A. Jackson
United States District Judge